*W. T. Otto* and *J. S. Davis*, for the appellee.

---

WHEELER *v.* THE STATE.

In criminal cases, the party accused is bound to except to the ruling of the court against him, if he wishes to have the question reviewed in the Supreme Court.

Where the defendant on trial for murder, made affidavit for a continuance, reciting what he expected to prove by absent witnesses, and the Court permitted the prosecuting attorney to "admit the affidavit" and proceed with the trial; it is held that the defendant was entitled to the benefit of the entire affidavit as evidence, and that the Court could not permit a part of it to go to the jury, and withhold the rest.

APPEAL from the *Allen* Circuit Court.

GOOKINS, J.—The appellant was indicted in the *Allen* Circuit Court for the murder of *Charles Chandler.* The indictment charges the killing to have been by throwing the deceased upon the ground, and beating and kicking him. *Wheeler* was tried and convicted of manslaughter, and sentenced to the State's prison for four years and six months.

Before proceeding to the trial, which occurred at the same term at which the indictment was found, the defendant made an affidavit on which he moved for a continuance of the cause. The affidavit set forth, that he was a stranger in that county; that, until said charge, he had enjoyed at all times a fair name and credit among and with all to whom he was known, wherever he had lived, for an honest, peaceable, and law-abiding man; that he had been engaged and employed on a boat on the canal the last year, and at the time the supposed crime was committed, about the close of navigation. The affidavit then details with great particularity his arrival at *Fort Wayne* upon a canal boat, and his stopping at that place; that immediately upon his landing, a quarrel occurred on another boat lying at the wharf, between the deceased and a person named *Green,* which was broken off, and again renewed; that the subject of the quarrel was a breast-pin which *Chandler* charged *Green* with having, or losing; that one *Cartright* finally succeeded in pacifying *Chandler,* after which, while *Cartright* and the defendant were standing apart from the crowd conversing upon a matter of business, it being dark, *Chandler* came to them and renewed the conversation concerning the breast-pin; that the defendant then, for the first time, spoke to

·*Chandler*, and said to him in a mild manner and tone, "There has been enough said about that breast-pin," when *Chandler* replied in a very insulting and menacing manner and attitude, "It is none of your business, you God damned son of a bitch," when he instantly shoved the said *Chandler* with his hand, and kicked him twice in the back, without any intention to injure said *Chandler*, who was a stranger to him; that said kicks were not given with more force than a boy of fourteen years of age might give; that he could only prove by said *Cartright* the said provoking words and attitude of said *Chandler*; that his counsel advised him it would be unsafe for him to go into the trial without the testimony of *Cartright*, who was then in *Cincinnati, Ohio*, and whose testimony he expected he could have by the next term; that he had lived at and about *Dayton* and *Cincinnati* for years; that he could prove his general character to be that of a peaceable, truthful, honest, and law-abiding man, by *Thomas Ross* and *James Duncan*, of *Dayton*, by *Edward Hughes* and *John Draper*, of *Cincinnati*, and other gentlemen, of equal respectability, in and about said cities, as well as by *George B. Walker*, of *Logansport*, Captain *Dale*, of *Lafayette*, and *Thomas McCarty*, of *Lagro*, in this State, in all of whose employ he had been, and who knew him well—all of which evidence he expected to have by the next term; that being a stranger at the place of trial he could not have the benefit of his said character on said trial, and could not prove his said character, if compelled to go into trial at that term; that he had used all the diligence he could to be ready for trial, and that he asked a continuance not for delay, but for the furtherance of justice. The affidavit contained other matters which being deemed irrelevant need not be noticed.

On moving for a continuance upon this affidavit, the prosecuting attorney, in answer to the motion, said he would "admit the affidavit," and insisted upon a trial at that term—whereupon the Court permitted the trial to proceed.

The appellant insists that, notwithstanding the offer of the prosecuting attorney to admit the affidavit, the Court ought to have continued the cause; that a defendant charged with crime cannot waive his rights—the Court being bound to protect him. We have decided that, in criminal cases, the party accused is bound to except to a ruling of the Court against him, if he wishes to reserve the question. *Hornberger* v. *The State*, 5 Ind. R. 300. He seems to have acquiesced in this proceeding, without objection, and cannot assign it for error.

He also insists that he was not bound to take the admission of the attorney for the State, but was entitled to the personal attendance of the witnesses. Neither is this point reserved by an exception, and we cannot review it. See 3 Ind. R. 552.

On the trial, the defendant offered to read in his defense, as evidence to the jury, the foregoing affidavit. The Court refused to permit the entire affidavit to be read in evidence; but allowed the following parts of it to go to the jury: First, the venue in the margin, and the entitling of the cause, of the Court and term, and then the following: "Be it remembered, that on this day personally appeared in open Court, *Willard Wheeler*, who stands indicted in this Court for the murder of *Charles Chandler*, and who being duly sworn, on his oath says, that he has been indicted for said crime at the present term of this Court; that he is a stranger in said county, ......... when the said *Chandler* replied in a very insulting and menacing manner and attitude. 'It is none of your business, you God damned son of a bitch,' when affiant instantly shoved the said *Chandler* with his hand and kicked him twice in the back,......... that affiant can only prove by said *Cartright*, the said provoking words and attitude by said *Chandler*, as aforesaid, just before affiant kicked him; ......... that affiant can prove his general character to be that of a peaceable, truthful, honest, law-abiding man, by *Thomas Ross*, and *James Duncan*, of *Dayton*, and *Edward Hughes* and *John Draper*, of *Cincinnati*."

To this ruling of the Court the defendant excepted.

The only question presented by this exception is, what was the effect of the agreement to admit the affidavit? We think it was an agreement to admit the whole of it as evidence in the cause. We do not decide that the attorney for the State was bound to have agreed to admit the whole of it. That question could only be raised on an exception to the refusal to grant the continuance, which, as we have seen, is not before us.

In *Hamilton* v. *The State*, 3 Ind. R. 552, which was a prosecution for a felony, it was held that, if the State would admit that the absent witness would testify as alleged in the affidavit, a continuance should be refused. The 2 R. S. 1852, p. 109, s. 322, requires that the facts alleged shall be taken as true, not that the witness will so testify. Under this statute, the proper course would be for the Court to decide, before acting upon the motion to continue, what facts should be taken as true for the purposes of the trial. Thus, all irrelevant matter would be excluded. The party, if he thought the admission not broad enough, could except, and would proceed to trial fully understanding upon what facts he could rely as admitted.

In the case before us, the State having agreed to admit the affidavit as it stood, the defendant was entitled to the benefit of the whole of it; and the Court having excluded it, the judgment must be reversed.

*Per Curiam.*—The judgment of the Circuit Court is reversed; and it appearing from the record in this cause that the appellant has served out more than half the period of time in the State's prison, for which he was sentenced, it is ordered that the same be certified to the Governor of this State, to the end that the said appellant may be discharged.

*D. H. Colerick*, for the appellant.

*J. W. Gordon* and *D. C. Chipman*, for the State.