## Joseph Van Meter *et al.*

*v.*

## The People of the State of Illinois.

1. Riot—*persons of the same name—judgment uncertain.* Where two persons of the same christian and sir names are indicted, and they are not distinguished the one from the other, and one is found guilty, without designating which, and a new trial was granted as to one of them and overruled as to the other: *Held,* that the record of the conviction is so confused as to be incomprehensible.

2. Continuance—*affidavit—admitting its truth.* On a trial for a riot, the defendant filed an affidavit for a continuance, which contained sufficient grounds for allowing the motion, but the State's attorney offered to admit that the witnesses, if present, would swear to the facts contained in the affidavit, whereupon the court overruled the motion and required the parties to proceed to trial on such admission: *Held,* the court erred, as the act of 1869 is but an amendment of the practice act, and does not apply to criminal trials; but that the court might properly, in such a case, permit the prosecuting attorney to admit the absolute truth of the affidavit, without the right to contradict its truth, and require the defendant to go to trial,

but in doing so it would not be under the practice act, but because the court could see that the defendant would not be prejudiced.

3. ACCESSORIES—*in misdemeanors.* Our statute, in reference to accessories before the fact, applies to misdemeanors, although it uses the word "crimes." A misdemeanor is a crime, although not of the gravest character. In misdemeanors, all accessories before the fact are principals at common law as well as under our statute, and as such are punishable.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. TURNER, BRAWLEY & TURNER, for the plaintiffs in error.

Mr. D. W. JACKSON, State's Attorney, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for riot, against Thomas J. Van Meter and two other persons, both of whom were indicted under the name of Joseph Van Meter. We infer from the evidence that the two Josephs were father and son. They are not distinguished from each other in the indictment. The record shows a verdict of guilty against Joseph Van Meter and Thomas J. Van Meter, without indicating which of the two Josephs is found guilty and which acquitted. It further shows a motion for a new trial, and the motion sustained as to Joseph Van Meter, and also overruled as to Joseph Van Meter and Thomas J. Van Meter. There has probably been a clerical error in making up the record, but, as it is submitted to us, it is quite incomprehensible.

A motion for a continuance was made, and the court, after holding the affidavit sufficient, overruled the motion upon the offer of the State's attorney to admit that the absent witness would, if present, swear to the facts set forth in the affidavit. The affidavit, if true, showed there was no riot, but merely a fight between Bryant and one of the defendants, in which none

of the other defendants took any part whatever. It showed good ground for a continuance, and the court should not have overruled the motion in consequence of the offer made by the prosecuting attorney. The act of 1867 (Session Laws of 1867, page 157), under which this admission was made, is simply an amendment of the practice act, and does not apply to the trial of criminal cases. The original act in regard to the admission of affidavits was not designed to apply to criminal proceedings, as decided by this court in *Willis* v. *The People*, 1 Scam. 402. We see, however, no objection to such a practice, in the discretion of the circuit judge, even in criminal cases, but it must be the old practice of admitting the statements of the affidavit to be absolutely true, and not the rule established by the law of 1867 for civil cases, permitting the affidavit to be contradicted. This would take from the accused what might be of the greatest importance, if his affidavit may be contradicted: the right to have his witnesses seen and heard by the jury.

If the court refuses a continuance because the prosecuting attorney offers to admit the truth of the affidavit, and not to contradict it, it must do so, not by virtue of the practice act, but because, independently of that act, it can see the accused would not be prejudiced by the refusal of a continuance on such terms.

As the case must be re-tried, it is proper to dispose of another point made by counsel for plaintiff in error. It is urged that our statute in regard to accessories before the fact does not apply to misdemeanors, because the word "crime" only is used in this section of the act. But this reason is not a valid one. The word "crime" comprehends misdemeanors. Every misdemeanor is a crime, though not one of the gravest character. Blackstone says, properly speaking, they are synonymous terms, though in common usage the word "crimes" is made to denote offences of a deeper dye. Book 4, page 5. At the common law there were no accessories in misdemeanors, because, says Blackstone, 4th Book, 36, "The law does

not descend to distinguish the different shades of guilt in petty misdemeanors."

In misdemeanors, all accessories are principals at common law, and that is the provision of our statute in regard to accessories before the fact in all crimes, whatever be their grade. Both at the common law and under our statute, one who has been accessory before the fact to the perpetration of a misdemeanor, is punishable as a principal. There was, therefore, no error in the instructions.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*