UNITED STATES, respondent, *v.* SACRAMENTO, appellant.

CRIMINAL LAW — *right of accused to be confronted with witnesses.*  A party, who has been indicted for the commission of a misdemeanor, waives his constitutional right "to be confronted with the witnesses against him," by admitting that witnesses, if present, would testify to certain facts stated in the affidavit of the district attorney for a continuance, and thereby preventing a postponement of the trial.

EVIDENCE — *admission of affidavit for a continuance.*  Upon the trial of the appellant under an indictment charging him with selling, unlawfully, spirituous liquor to an Indian in the Indian country, the affidavit of the district attorney, in support of his motion for a continuance, set forth that he could not proceed to a trial without the testimony of absent witnesses, who would testify that they saw the appellant so sell said liquor.  The appellant, in open court, then offered to admit that the witnesses, if present,

would testify to the facts stated in the affidavit, and the motion was denied. *Held,* that the affidavit was admissible as evidence against the appellant upon the trial.

*Appeal from Third District, Lewis and Clarke County:*

THE action was tried before WADE, J.

SHOBER & LOWRY, for appellant.

M. C. PAGE, United States Attorney, for respondent.

SERVIS, J. At the November term of the district court, A. D. 1874, sitting as a court for the trial of causes arising under the constitution and laws of the United States, the appellant was indicted for a violation of an act of the congress of the United States, passed March 15, 1864, amending an act regulating trade and intercourse with the Indians, passed June 30, 1834, whereby it is provided that, if any person shall sell, exchange, give, barter or dispose of any spirituous liquors or wine to any Indian, under the charge of any Indian agent appointed by the United States, or shall introduce or attempt to introduce any spirituous liquors or wine into the Indian country, such person, on conviction thereof, etc., shall be imprisoned, etc. 13 U. S. Stats. 29.

The indictment charges, in substance, that, on the 22d day of September, 1874, the appellant did unlawfully dispose of one gill of spirituous liquors, to wit, whisky, to one John Doe, an Indian, whose real name was unknown to the grand jury; said Indian being then under the charge of the Indian agent for the Blackfeet and other neighboring tribes of Indians within the Territory of Montana.

To this indictment the appellant, upon being arraigned, pleaded not guilty, and demanded an immediate trial. The United States attorney then moved the court, upon affidavit, for a continuance of the trial until the next succeeding term of the court. The affidavit set forth: That one Strangle Wolf and one Mary Kite were material witnesses for the prosecution, and without their testimony he could not safely proceed to trial; that he expected to prove by said witnesses all the facts charged in the indictment;

that said witnesses were present and saw the appellant dispose of said spirituous liquors to said John Doe, as alleged in said indictment ; and averred his inability to procure said witnesses at said term, assigning a good cause therefor.

The defendants' attorney, in open court, then offered to admit that the witnesses named in said affidavit would, if present in court, testify to the facts set forth in said affidavit, whereupon the court refused to continue the case, and a jury was duly impaneled to try the cause.

Upon the trial the prosecution offered to read in evidence, to the jury, the said affidavit for a continuance, to which the appellant, by his counsel, objected. The objection was overruled by the court, and said affidavit was read to the jury, and appellant then excepted. This is all the evidence which is set out in the record. The appellant was convicted and sentenced to the penitentiary.

After the judgment and sentence by the court, the appellant, by his counsel, moved the court for a new trial, assigning as the grounds therefor the ruling of the court in permitting the introduction, to the jury, of said affidavit for a continuance. The court overruled the motion, and the appellant excepted. Upon this record and state of facts, the appellant asks this court to reverse said judgment and sentence. The introduction of said affidavit to the jury is the error which is assigned.

This raises the question, whether a defendant, indicted for a misdemeanor, which is the case at bar, can waive the right guaranteed by the sixth article of the amendment to the constitution, which provides that a defendant, in all criminal prosecutions, shall enjoy the right " to be confronted with the witnesses against him." Upon an examination of the authorities we have no doubt that such waiver can be made. In the early days of the common law, when a person indicted for crime was not allowed to appear and be defended by counsel, and where the court alone was his legal adviser, it would seem that he could waive no legal right. But this has long since ceased to be the law in England, and was never recognized as the law in this country ; certainly not since the adoption of the amendment to the constitution, above cited. 1 Bishop's Crim. Proc. 428, and cases there cited.

VOL. II. — 31.

The counsel for the appellant insists that his admission, relative to the affidavit for a continuance, extended only to the belief of the affiant that the absent witnesses would testify as therein set forth. This seems to be more of a technical than a real or legal objection. The admission was that the witnesses named in the affidavit, if present, would testify to the facts as stated in the affidavit, which, if uncontroverted, would have warranted a conviction. This must have been the admission according to the understanding of the court and counsel, or the court would have entertained the motion and continued the case. Therefore the admission was a waiver, by the appellant, of his constitutional right to be confronted by the witnesses against him.

*Judgment affirmed.*