## THE STATE v. SCHOONOVER ET AL.

[No. 2,943. Filed January 31, 1899.]

CONTINUANCE.—*Absence of Witness.—Admission.—Criminal Law.*— Where defendant in a criminal cause agreed that he would "admit the statement" as to what an absent witness would testify, set out in an application for continuance by the prosecuting attorney, and would go to trial, and such statement was thereafter read in evidence in the trial of the cause, no error was committed in permitting defendant to introduce evidence denying the truth of such statement.

From the Greene Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, and *Charles D. Hunt,* for State.

COMSTOCK, J.—The appellees, Cora Schoonover and Roy Hencey, were prosecuted by affidavit and information, in the Greene Circuit Court, for the crime of adultery. Said case was called for trial on the 12th day of September, 1898, in the Greene Circuit Court, and the State announced, through its prosecuting attorney, that it was not ready for trial because of the absence of Maggie Schoonover, and asked for a continuance of said cause on account of the absence of said witness. Thereupon the defendants' attorneys stated, in open court, before his honor William W. Moffitt, sole judge, that the defendants did not require the prosecuting attorney to set out in his application for a continuance, any of the formal parts required in such an application, but that all the defendants asked and required of the prosecuting attorney for a continuance of said cause, on account of the absence of said witness, was for said prosecuting attorney to write out the statement, and sign the same, setting out fully what the said absent witness would testify to, which was accordingly done

State *v.* Schoonover.

by the prosecuting attorney, and filed, and thereupon, without any objection to the formality of the application, the defendants stated in open court to his honor, through their attorneys, that "they would admit the statement of the prosecuting attorney so set out on paper as aforesaid, and would go to trial," and that thereupon the State, for the reason of the admission of the application and the statement, set out on paper as the evidence of said witness, announced that it was ready for trial, and entered upon the trial of said cause, and, as a part of the evidence for the State, the prosecuting attorney read said statement and application for a continuance in evidence to the jury, as the testimony of Maggie Schoonover; that, during the introduction of the evidence for the defendants, the defendant Cora Schoonover was called as a witness, and was asked, among other things, a question incorporating the said statement of the prosecuting attorney for a continuance, whether or not said statement was true, which statement she was permitted, over objections of the prosecuting attorney, to deny. The prosecuting attorney at the time excepted and objected to the ruling of the court, and the court then permitted the witness to answer said question, and deny the statements made in said application for a continuance.

"This appeal is prosecuted by the State," to use the language of the appellant's brief, "for the purpose of testing a reserved question of law; that is, may the defendants in a criminal case admit the statement of the prosecuting attorney set out on paper for a continuance, and go to trial, and after the application and statement is read in evidence to the jury, be permitted to introduce evidence in their behalf denying the truth of the statement and application of the statement therein made?" Whether such denial may be made

must depend upon the statement admitted.  Upon the subject of admissions to avoid the continuance of the trial of a cause on account of the absence of a witness, the sections of our statutes are numbers 1850 and 1851, Burns' R. S. 1894 (1781 and 1782, Horner's R. S. 1897).  Said first named section provides the method by which the defendant may obtain a continuance of the cause on account of the absence of a witness, and concludes: "If, thereupon, the prosecuting attorney will admit the truth of the facts which the defendant, in his affidavit for a continuance, alleges that he can prove by the absent witness, or by the written or documentary evidence therein specified and described, the trial shall not be postponed for that cause."  Said section 1782 is in the following language:  "Whenever the prosecuting attorney desires to obtain a postponement of the trial of a criminal cause on account of the absence of any witness whose name is endorsed on the indictment, such continuance shall be granted on his official statement in manner and form as specified in the preceding section; but the defendant may require the same to be in writing.  If the defendant will admit that the facts which the prosecutor states he expects to prove are true, the trial shall not be postponed for that cause."  *  *  *.  It is clear, from the language of this section, that, to avoid the continuance of a trial on account of the absence of a witness for the State, the defendant should have admitted, not only that the absent witness would testify to the facts as stated by the prosecuting attorney, but that these facts were true, and would be submitted to the jury as uncontroverted.  The defendants admitted the statement of the prosecuting attorney so set out.  His "statement" was what facts the absent witness would testify to.  He did not state that such testimony was true.  With such admission, without ob-

jection upon the part of the State, the trial proceeded. It does not appear that the court made any order in the premises. The admission of the defendants could not be enlarged. They did not object to the reading in evidence of the statement to which the prosecuting attorney said the absent witness would testify. It was read as testimony in the cause. The prosecution could ask no more under the admission; it could only have the weight of oral testimony, and was subject to contradiction. *Wheeler* v. *State*, 8 Ind. 113; *McLaughlin* v. *State*, 8 Ind. 281; *Wassels* v. *State*, 26 Ind. 30; *Mayfield* v. *State*, 110 Ind. 591; *Warner* v. *State*, 114 Ind. 137; Gillett on Crim. Law, section 795. Whatever the law may be in some of the other states, it is settled in our own that, when a continuance is asked by either the prosecuting attorney or the defendant in a criminal cause on account of the absence of a witness, in order to avoid a continuance the opposite party must admit the truth of the facts to which it is claimed the absent witness will testify. Upon the admission made by the defendants in the case before us, it would have been error to have refused a continuance, but that is not the question before this court.

The learned counsel for appellant strongly relies upon the case of *Powers* v. *State*, 80 Ind. 77. From a careful reading of that opinion, we believe that it may be distinguished from the case at bar, the difference in the phraseology of the two admissions being apparent. We quote from the opinion: "During the progress of the trial the defendant moved for a postponement, for the purpose of obtaining the testimony of an absent witness, stating in his affidavit what he expected to prove, and showing that proper steps had been taken to procure the witness' attendance, etc. Thereupon, without making any objection to the sufficiency of the showing, the counsel for the

State said: 'We will admit under the form of the law governing such cases, that the witness would testify if he were present as stated in the affidavit;' and the affidavit was accordingly read in evidence to the jury." The State was permitted, over the objection of the defendant, to introduce testimony impeaching the character of said witness. The Supreme Court held that this was error, upon the ground that the admission must be construed as admitting the facts stated in the affidavit to be true. The court doubtless construed the words "under the form of the law governing such cases" as embracing the condition set out in the statute that the facts to be testified to are to be taken as true. Counsel for appellant in his able brief cites *Willis* v. *People*, 1 Scam. (Ill.) 399; *Dominges* v. *State*, 7 S. & M. (Miss.) 475, 45 Am. Dec. 315; *Hyde* v. *State*, 16 Tex. 445, 67 Am. Dec. 630; *United States* v. *Sacramento*, 2 Mont. 239, 25 Am. R. 742; *State* v. *Jennings*, 81 Mo. 185, 51 Am. R. 236. The decisions in *Willis* v. *People*, *supra*, and *Dominges* v. *State*, *supra*, were not based upon a statute. In *Hyde* v. *State*, *supra*, the court held that a motion for continuance on the ground of the absence of a witness should not be refused because the adverse party admits that the witness, if present, would testify as stated in the affidavit. It does not support appellant's position. In *United States* v. *Sacramento*, *supra*, the court held that where the public prosecutor moved to postpone the trial of a person indicted for a misdemeanor on account of the absence of witnesses, and counsel for the accused offered in open court to admit that the witnesses if present would testify to the facts as stated in the affidavit, and the application was denied, that (1) the prisoner waived his constitutional right to be confronted with the testimony, and (2) that the affidavit was competent evidence for

the prosecution. The decision was not based upon a statute. In *State* v. *Jennings, supra,* the supreme court of Missouri held, that a statute providing that, on a criminal trial, where the defendant moves for a postponement on the ground of the absence of a material witness, the trial may proceed on the public prosecutor's agreement to admit that the witness, if present, would testify as set forth in the affidavit, and that such statement ought to be received as his evidence, was constitutional. A later decision of the same court, *State* v. *Berkley,* 92 Mo. 41, 4 S. W. 24, held the same unconstitutional. The authorities cited by appellant are either not in point, or do not sustain his claim. The appeal of the State is not sustained.