## Dude Davis v. The State.

### No. 3927.   Decided December 18, 1907.

**1.—Burglary—Continuance—Admission by State's Counsel—Unusual Place of Entry—Harmless Error.**

Where upon trial for burglary the defendant presented an application for continuance for want of the testimony of an absent witness, and State's counsel admitted the truth of the evidence which was proposed to be proved by the absent witness, it was not permissible for the State to subsequently contravene the truth thereof; however, the place of entry (which was the point at issue) being an unusual one, of the house shown to have been burglarized at night, it was immaterial whether the repair contended for by defendant was not made, and that persons could enter therein; besides defendant received the minimum punishment, and the error was harmless.

**2.—Same—Charge of Court—Accomplice—Accessories.**

Where upon trial for burglary there was evidence that the State's witnesses had agreed to settle with defendant, remain quiet, and not prosecute him, the same did not place them in the category of accomplices or accessories requiring corroboration of their testimony, and no charge on accomplice testimony was necessary.   Following Chenault v. State, 46 Texas Crim. Rep., 351.   Overruling Gatlin v. State, 40 Texas Crim. Rep., 116.

Appeal from the District Court of Hopkins.   Tried below before the Hon. R. L.·Porter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Leach & Allen, Templeton, Crosby & Dinsmore,* for appellant.—On question of continuance:   Stacy v. State, 48 Texas Crim. Rep., 95; 86

S. W. Rep., 327; Asken v. State, 47 Texas Crim. Rep., 362; 83 S. W. Rep., 706; Rucker v. State, 40 S. W. Rep., 991; Koller v. State, 36 Texas Crim. Rep., 44; 38 S. W. Rep., 44; Gilcrease v. State, 33 Texas Crim. Rep., 619; 28 S. W. Rep., 531; Leach v. State, 49 Texas Crim. Rep., 264; 91 S. W. Rep., 1088; Manuel v. State, 48 Texas Crim. Rep., 542; 89 S. W. Rep., 645; Blackburn v. State, 48 Texas Crim. Rep., 286; 87 S. W. Rep., 692; Perez v. State, 48 Texas Crim. Rep., 225; 87 S. W. Rep., 350; Gathright v. State, 85 S. W. Rep., 1076; Robbins v. State, 47 Texas Crim. Rep., 312; 83 S. W. Rep., 690. On question of accomplice: Gatlin v. State, 40 Texas Crim. Rep., 116; Richard v. State, 49 Texas Crim. Rep, 192; 90 S. W. Rep., 1017.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years confinement in the penitentiary.

The facts, as disclosed by this record, in substance, show the following: Ike Randolph owned a barbershop in Sulphur Springs, Hopkins County, Texas; he had rented the same, in the first instance, to Harvy Dillingham. Afterwards Dillingham left and went to the Indian Territory, and the building was rented by Ike Randolph to Richard Mayo. On Saturday night, the first day of December, 1906, someone entered the barbershop through a window on the back side thereof and took out of the barbershop a razor belonging to said Mayo. Mayo secured the services of a third party and gave to said party 50 cents with instructions to go to the defendant's home and see if he, said party, could buy a razor answering certain description from the defendant. He went with said 50 cents and purchased a razor; returned with same and delivered it to Mayo; thereupon Mayo sent for appellant, and appellant confessed to the said Mayo that he had entered his barbershop and secured the razor; that he entered through the window, as stated, in the night time. Mayo informed him that he (Mayo) would not do anything about the matter if he would give up his 50 cents, which appellant did. Thereupon Mayo informed appellant that he had better see the owner of the building, Ike Randolph, and pay him for tearing the screen out of the window through which window the entry had been made. Defendant told Randolph that he would pay him 5C cents for the damage. At first Randolph declined to take this amount, but subsequently told appellant and his mother that if they would pay him $5 he would do nothing further about it. The witness, Mayo, did not miss his razor until he went to the barbershop Sunday morning after the burglary to shave himself, and then discovered the absence of the razor, and also noted that the screen on the back window, which he had fixed when he took charge of the building, had been torn loose. Mayo admits that the screen had a large hole in it at the time he rented the building from Randolph, succeeding as a tenant the said Dillingham.

Appellant's counsel discussed before this court two propositions, to wit:

The defendant presented an application for continuance, among other things, for want of the testimony of the said Harvy Dillingham, who lived at the time in the Indian Territory, stating that he prepared depositions which had been properly crossed, by which witness he expected to prove that he (Dillingham) was proprietor of said barbershop before and immediately up to the time that same came into the possession of the present owner, Richard Mayo, about the 1st of August, 1906, and that for a number of months before he sold to Mayo, and at that time, there was a rent in the screen of the door and the windows large enough for most anyone to go through, and that the opening in the window was used for throwing out water and putting wood into the house. The district attorney admitted the truth of such testimony. Defendant excepted for the reason that defendant had a right to have the testimony of the witness himself in court, through depositions, which would be more effective before the jury than formal admission. The court overruled the application on this ground and the trial proceeded, and Richard Mayo was placed upon the stand by the State, and was asked the condition of the screen of the window during the time he had possession of the shop, to which the witness answered, they had been in good condition all the time, from the 4th of August, 1906, to the present time he had the shop and had not been repaired in three years. This testimony appellant objected to on the ground that same contradicted the evidence of Harvy Dillingham admitted by the State to be true, deprived the defendant of said testimony, was a surprise to the defendant, a breach of the admissions by the State, and prejudicial to defendant's cause. The court did not rule upon the objection, and State's counsel remarked that he would change the form of the question, and propounded the following question: "What was the condition of the screen to the window on the night before you missed your razor the next morning, as to being broken or not?" "The screens to the windows on that night before I left the shop were not torn off, but next morning, the time I missed the razor, the screen was torn," to which question and answer the defendant then objected for the reason above stated, which was overruled by the court, and after further examination by the State and defendant, said witness stated that the screens to the window had not been repaired since he had been in the shop from the 4th day of August, 1906, and were in the same condition until after the burglary, as he received them from Dillingham, and had not been repaired since they were put in three years ago. This testimony the defendant moved the court to strike from the consideration of the jury for the above stated reasons. Where appellant presents an application for continuance for want of the testimony of an absent witness, and State's counsel admits the truth of the evidence proposed to be proved by the absent witness, it is not permissible for the State to subsequently contravene the truth thereof. However, the introduction of this testimony was both harmless and immaterial, since the jury inflicted upon appellant the minimum punishment; and furthermore, the window was an unusual place of entry un-

der the testimony introduced in this case, since the proof shows that nothing but wood and water were ever taken in through the window, and no evidence that any person or persons were in the habit of passing in and out of same. This being true, it becomes immaterial whether the screen was broken so as to admit the entry of the body at the time of the burglary or not. See Alexander v. State, 31 Texas Crim. Rep., 359, and Painter v. State, 26 Texas Crim. App., 454. It follows, therefore, that there was no reversible error in the ruling of the court.

The other point relied upon by appellant was the fact that the court failed to charge that the witness, Mayo, was an accomplice as well as Ike Randolph, and that the court erred in not so telling the jury, appellant insisting that by receiving money from the fruits of the crime or offering to do so, and agreeing therefor to remain quiet and not report or prosecute appellant, that these facts constitute said witnesses accomplices. To support this insistence, appellant relied upon the case of Gatlin v. State, 40 Texas Crim. Rep., 116. This case, however, was overruled by this court, and subsequently followed in other cases, in the case of Chenault v. State, 46 Texas Crim. Rep., 351. There it was held that the State's witness had made an agreement to conceal the alleged offense of forgery of a check by defendant, and for a consideration had agreed with defendant's father not to prosecute his son, and such testimony was not admissible to show that said witnesses were accessories after the fact to the crime under investigation, but could only be used for the purpose of impeachment. That in order to make one guilty as an accessory after the fact, there must be some independent criminality, such as furnishing a horse, a weapon, or disguise, or concealment of the offender, to enable the principal to escape or evade arrest and trial, after the commission of the crime. The acts of the witnesses above detailed come within the rule laid down in the Chenault case, and do not make said witnesses accomplices, and the court was not required, under the law of this State, to tell the jury that either of them were accomplices. However, the court did tell the jury, in a proper charge, that Ike Randolph was an accomplice.

These are the only questions we deem necessary to pass on in this record, they being the only questions discussed by appellant, and being the only questions we think that raise any issue requiring review at our hands. However, we have carefully reviewed the other questions and do not think there is any error in this record requiring a reversal of this case.

Accordingly the judgment of the lower court is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled without written opinion, February 19, 1908.—Reporter.]