[Crim. No. 231. First Appellate District.—August 17, 1910.]

THE PEOPLE, Respondent, v. HENRY BOSSERT, Appellant.

CRIMINAL LAW—RIGHT OF DEFENDANT TO COMPEL ATTENDANCE OF WITNESSES—REFUSAL BY COURT—PREJUDICIAL ERROR.—Where the defendant, at the commencement of the trial, having learned that some of his witnesses were not present, moved the court for compulsory process to compel their attendance from an adjoining county, upon affidavits showing the facts and the materiality of their testimony, it was prejudicial error for the court to refuse such compulsory process, and compel the defendant to proceed to trial without the personal attendance of his witnesses, merely because the district attorney offered to allow their testimony taken upon a previous trial to be read, which offer the court allowed merely in the interest of economy.

ID.—SUPERIORITY OF ORAL TESTIMONY OF WITNESSES.—The testimony of witnesses given in court is much more effective and far superior to that read to the jury in the form of a deposition. As much may be frequently collected from the manner in which the evidence is delivered as from the matter of it.

ID.—CONSTITUTIONAL RIGHT TO COMPEL ATTENDANCE.—On account of the superior value of such oral testimony to the accused, and in order to cure a defect in the common law in this regard, the constitution of this state, in section 13 of article I thereof—like the constitutions of nearly all other states of the Union—provides that defendants in criminal cases shall "have the process of the court to compel the attendance of witnesses in his behalf." It would ill accord with the spirit of that right, when the witnesses are within the reach of the process of the court, if the defendant is compelled to take a mere written statement as the equivalent

of the personal appearance contemplated by the use of the process guaranteed by the constitution.

ID.—REASONABLE TIME ALLOWED TO SECURE ATTENDANCE—ABSENCE OF BAD FAITH.—The defendant, having a constitutional right to have his witnesses examined in court, in the absence of a showing that the motion was made in bad faith, was entitled to a reasonable time to secure their attendance.

ID.—DILIGENCE AND GOOD FAITH SHOWN—CONSTITUTIONAL RIGHT INFRINGED.—Where the defendant had regularly subpoenaed the witnesses in question, and their testimony was material and important to him, by the ruling of the court that he was not entitled to the process of the court to an adjoining county to compel their attendance, and forcing the defendant to submit his case to the jury without the benefit of their oral testimony, it is clear that the defendant was deprived of a constitutional right for which a new trial must be granted.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

James A. Hall, for Appellant.

U. S. Webb, Attorney General, and B. K. Knight, District Attorney, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of rape perpetrated upon a female under the age of consent. He made a motion for a new trial, which was denied, and this appeal is from that order and from the judgment.

In the preparation of his brief counsel for defendant has not presented his sixty-odd points in such a way as to facilitate the work of this court. Nearly all of his points relate to rulings on evidence, and invariably he has set out the question objected to, and coupled it with the statement that the holding of the court thereon, admitting or rejecting the testimony, as the case may be, was prejudicial error. In short, the brief is in effect little more than a statement that the defendant relies on each of the objections made by him, either to evidence, to instructions, or to the conduct of the district attorney and the court. The defendant's mode of presenting his case has entailed much unnecessary labor both upon the attorney general and upon this court.

At the commencement of the trial the defendant, having theretofore learned that some of his witnesses were not present, moved the court to issue a bench warrant for them. This motion was based upon affidavits which contained all the requisite statements entitling the defendant to the process of the court to compel the attendance of his witnesses and showed that their testimony was material. The district attorney resisted the motion, and offered to permit the testimony of these witnesses taken at a former trial to be read to and considered by the jury as testimony in the case. The court at this time declined to pass upon the motion and directed the case to proceed. Later and at the beginning of defendant's side of the case this motion was renewed, and the offer of the district attorney repeated, whereupon the court, to save expense to the county and to avoid inconvenience to the witnesses, denied the motion, and the testimony of the witnesses in question was read to the jury.

The witnesses lived in an adjoining county, and therefore were within reach of the jurisdiction of the court (Pen. Code, secs. 1329, 1330) ; and we fully agree with the defendant that under the law in this state it was error on the part of the court prejudicial to him to compel him to submit his case to the jury without the presence of his witnesses and the benefit of their oral testimony. The testimony of witnesses given in court is much more effective and far superior to that read to the jury in the form of a deposition. For example, the testimony of two witnesses reduced to writing, and of a contradictory character, might seem to be equally credible, whereas if they had testified in court their appearance and bearing on the witness-stand might have enabled the jury to determine that one was testifying truly and the other was not.

Touching this subject Blackstone, in his Commentaries, · says: "In short, by this method of examination, and this only, the persons who are to decide upon the evidence have an opportunity of observing the quality, age, education, understanding, behavior and inclination of the witnesses; in which points all·persons must appear alike when their depositions are reduced to writing, and read to the judge in the absence of those who made them; and yet as much may be frequently

collected from the manner ·in which the evidence is delivered as from the matter of it.'' (2 Cooley's Blackstone, pt. 1, p. 373.)

Speaking on the same subject matter this court, in *People* v. *Fong Chung,* 5 Cal. App. 591, [91 Pac. 106], quoted from an early California case, where it was said: ''The value of oral testimony over all other is too well understood to suppose for a moment that such . . . statements of what it would be will have the same weight on the minds of the jury as the testimony of the witness if he had been examined before them in open court.'' (See, also, Starkie on Evidence, 9th ed., 727, 728, and *State* v. *Berkley,* 92 Mo. 41, 48, [4 S. W. 24].) ·

On account of the superior value of such testimony to an accused, and in order to cure a defect in the common law in this regard, the constitution of the state—like the constitutions of nearly all other states of the Union—provides that defendants in criminal prosecutions shall ''have the process of the court to compel the attendance of witnesses in his behalf.'' (Const., art. I, sec. 13. See, also, Pen. Code, sec. 686.) On the same subject Mr. Wigmore, in his work on Evidence, at section 2191, observes: ''This history of the law securing for accused persons the right to compulsory process for their witnesses shows that the purpose of the statutes was to cure the defect of the common law by giving to parties defendant in criminal cases the common right which was already in custom possessed both by parties in civil cases and by the prosecution in criminal cases. The bills of rights in most of the constitutions have incorporated this right, because those clauses of the constitutions were intended to sanction permanently the more fundamental features of just and liberal criminal procedure, particularly in the parts which · had at various times in the past been found liable to abuse. The constitutions, in this instance, provided nothing new or exceptional; but gave solid sanction in the special case· of accused persons to the procedure ordinarily practiced and recognized for witnesses in general.'' (See, also, sections 575 and 1415 of the same treatise, and *State* v. *Jennings,* 81 Mo. 196, [51 Am. Rep. 236].)

The right of an accused to the personal attendance of his witnesses in court has been discussed a great many times in cases where material witnesses within the jurisdiction of the

court have failed to appear at the trial, and the defendant, guilty of no lack of diligence in the matter, has been denied a continuance of the case upon the admission of the prosecution that the absent witnesses would testify as claimed by the defendant.

In the case of *State* v. *Baker,* 81 Tenn. 326, 332, after discussing at length the disadvantages suffered by a defendant compelled to submit his case without the benefit of the personal appearance of his witnesses at the trial, the court says: "While the constitutional provision that the defendant 'is to have compulsory process for obtaining witnesses in his favor' may not imperatively demand their presence in any case, yet . . . it would ill accord with the spirit of that right, when the witnesses are within the reach of the process of the court, if the defendant is compelled to take a mere written statement as the equivalent of the personal appearance contemplated by the use of the process guaranteed to him by the constitution."

In the case of *State* v. *Berkley,* 92 Mo. 41, [48 S. W. 24], the court said that if it was necessary "to speak of the inestimable value to the accused to have the testimony of his witnesses delivered *ore tenus* before the tribunal where the accused" was to be tried, it argued "a great want of attention to, or familiarity with, that historic struggle which finally led to the right in question being embalmed in our American constitutions, both state and federal." The court, continuing, said: "The right is an *absolute one; it is not the subject of diminution, barter or exchange.* The importance of its being maintained cannot be over-estimated." The court quotes with approval from 1 Burr's Trial, 178, 179, where Chief Justice Marshall, speaking on this subject, says: "The right of an accused person to the process of the court to compel the attendance of witnesses seems to follow, necessarily, from the right to examine those witnesses; and, wherever the right exists, it would be reasonable that it should be accompanied by means of rendering it effectual. . . . The genius and character of our laws and usages are friendly, not to condemnation at all events, but to a fair and impartial trial; and they, consequently, allow to the accused the right of preparing the means to secure such trial. . . . The constitution and laws of the United States will now be consid-

ered for the purpose of ascertaining how they bear upon the question. The eighth amendment to the constitution gives to the accused, 'in all criminal prosecutions, a right to a speedy and public trial, and to compulsory process for obtaining witnesses in his favor.' The right given by this article must be *deemed sacred by the courts,* and the article should be so construed as to be *something more than a dead letter."*

In *State* v. *Salge,* 2 Nev. 321, the court held—basing its opinion upon the right of the defendant to the personal appearance of his witnesses—that if the defendant was entitled to a continuance on account of the absence of material witnesses, it was error to compel him to go to trial on admissions of what those witnesses would swear to if present.

Finally, in *People* v. *Fong Chung,* 5 Cal. App. 591, [91 Pac. 106], the district attorney, in response to a motion for a continuance, offered to concede that the absent witness would testify to the material things set forth in the affidavit read in support of the motion, whereupon the court, in view of said offer, denied the continuance. There it was said that the defendant had a constitutional right to have his witnesses orally examined in court, and in the absence of a showing that the motion was made in bad faith, that he was entitled to a reasonable time to secure their attendance.

The defendant in the case at bar had regularly subpoenaed the witnesses in question; their testimony was material and important to him. Nevertheless the court held that he was not entitled to the process of the court compelling their attendance, and forced the defendant to submit his case to the jury without the benefit of their oral testimony. By this ruling it is clear that the defendant was deprived of a constitutional right, for which the judgment and order must be reversed. It is so ordered, and the cause remanded for a new trial.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 16, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 10, 1910.