## RICHARD MADISON v. STATE.

### No. A-627.    Opinion Filed November 11, 1911.

(118 Pac. 617.)

1. **CONTINUANCE—Absence of Witnesses.** The provision of our statute to the effect that the adverse party may consent to the reading of the affidavits for continuance as the deposition of absent witnesses is a provision of the Civil Code, and has no application to criminal cases.

2. **SAME.** (a)  When a person accused of crime in this state makes out a clear case for continuance owing to the absence of material witnesses, and makes a reasonable showing that he is likely to secure the attendance of such witnesses at the next term of the court, the cause should be continued, notwithstanding counsel for the state may offer to admit the application for continuance as the deposition of the absent witnesses.

   (b)  If, however, the state is willing to admit the statements set out in the affidavits for continuance to be absolutely true, the trial court may, in its discretion, if it can see the accused will not be prejudiced thereby, refuse a continuance.

3. **TRIAL—Instructions—Credibility of Defendant.** It is error for a trial court in its instructions to point out to the jury the interest of the defendant in the result of the trial, and give special instructions on his credibility as a witness in his own behalf, over his objection and exceptions.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County; John J. Carney, Judge.*

Richard Madison was convicted of manslaughter, and appeals.  Reversed and remanded.

*Giddings & Giddings,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   Plaintiff in error was tried in the district court of Oklahoma county at the March, 1909, term, on a charge of murder, and convicted of manslaughter in the first degree, and sentenced to confinement in the state penitentiary for 15 years.

He now seeks a reversal of the judgment in this court for errors assigned to the trial court.   A statement of facts is not necessary for the determination of the legal questions involved in this appeal.

The first proposition relied upon by plaintiff in error is based upon the contention that the trial court erred in overruling his motion for continuance on account of the absence of certain material witnesses.   It appears that a motion for continuance in due form was filed, setting out the materiality of testimony of witnesses for the plaintiff in error.   One of the witnesses was sick in bed.   The county attorney agreed to admit the statements set up in the motion for continuance and supported by affidavits as the testimony of the absent witnesses, but not the truth of the statements.   The plaintiff in error insisted upon his right to have the witnesses present, and sought to have the case passed for this purpose.   The trial court overruled the motion for continuance upon the agreement of the county attorney to permit the application for continuance to be read as the deposition of the absent witnesses, and the plaintiff in error excepted.

Counsel contend that the statute authorizing the admission of the application for continuance in a criminal case as the deposition of the absent witness is unconstitutional, when the application shows diligence and materiality of the evidence.   The effect of their contention is that, if the application for continuance is such as would entitle them to a continuance, an offer by the county attorney to admit the affidavits as the deposition of the absent witnesses would be of no avail, and that the action of the court in forcing the trial upon the admission in effect deprives them of a constitutional right.   Our Constitution provides that the accused in a criminal trial shall have compulsory process for the attendance of his witnesses.

The statute under which the trial court based the right of the state to insist upon a trial upon the admission of the application for continuance as the deposition of the absent witness is Comp. Laws 1909, § 5836, is a provision of the Civil Code, and has no application to criminal trials. It has been almost, if not universally held that such provisions cannot be construed to govern the trial of criminal cases. A strong case supporting this doctrine is *Dominges v. State,* 7 Smedes & M. (Miss.) 475, 45 Am. Dec. 315. The court in that case says:

"The substitution of depositions for oral testimony belongs to civil trials. In no state of circumstances, under our Constitution, can a deposition of a witness be used against the accused in a criminal prosecution, and a similar rule seems to hold as to depositions of witnesses in his favor, unless by his consent. The system of criminal jurisprudence appears to require the presence of the witnesses, both for· and against the accused. Very often, in such prosecutions, much depends upon the appearance, manner, and mode of testifying of· a witness, and it is this that adds the superior character and importance to oral testimony. The practice in criminal cases of proposing to admit what was expected to be proved by absent witnesses is not calculated to advance the ends of public justice; and if, indeed, regular and competent, should not be allowed or encouraged except in very extreme cases. ·But, when such an admission has been once made, it constitutes an admission not merely that the absent witnesses would have sworn to certain alleged facts, but also that the facts alleged are absolutely true. Such an admission is an absolute concession of the facts stated by the accused upon his part, because that alone would be a fair substitute for what might have been the result of the evidence upon an oral examination of the witnesses whose actual presence was sought to be obtained."

The Supreme Court of Nevada in the case of *State v. Salge,* 2 Nev. 321, in reversing a judgment of conviction upon the ground that the court permitted the application to be read in evidence as the deposition of absent witnesses, says:

"The court ruled that a continuance would be granted unless the state would admit that the absent witnesses, if present, would swear to the facts as alleged in the affidavit. Upon the state making this admission, the defendant was forced to go to trial without his witnesses. Respondent now contends, and we think

rightfully, that, if he made out a case for continuance, it was error to compel him to go to trial on such admissions. An admission that, if a witness were present, he would swear to certain facts, is not calculated to have the same effect as if a respectable witness were present in court, swearing to the same state of facts. We think that where a defendant makes out a clear case for a continuance, owing to the absence of a witness, and shows that he is likely to obtain the testimony of that witness by the next term of court, he is entitled to the continuance, notwithstanding the state may be willing to admit that the witness, if present, would swear as claimed by the defendant."

The Supreme Court of Illinois discusses this proposition in the case of *Van Meter v. People*, 60 Ill. 168, and lays down what we think is the correct rule. The court in part says:

"The act of 1867 [Sess. Laws, p. 157], under which this admission was made, is simply an amendment of the practice act, and does not apply to the trial of criminal cases. The original act in regard to the admission of affidavits was not designed to apply to criminal proceedings. * * * We see, however, no objection to such practice, in the discretion of the circuit judge, even in criminal cases, but it must be the old practice of admitting the statements of the affidavits to be absolutely true, and not the rule established by the law of 1867 for civil cases, permitting the affidavit to be contradicted. This would take from the accused what might be of the greatest importance, if his affidavit might be contradicted—the right to have his witnesses seen and heard by the jury. If the court refuses a continuance because the prosecuting attorney offers to admit the truth of the affidavit, and not to contradict it, it must do so, not by virtue of the practice act, but because, independently of that act, it can see the accused would not be prejudiced by the refusal of a continuance on such terms."

The Texas courts appear to hold to the same rule as that announced by the Illinois Supreme Court in the case of *Van Meter v. People, supra*. In the case of *De Warren v. State*, 29 Tex. 465, this issue was squarely raised. That court in part says:

"If the order for continuance was properly made, was it competent for the court to set aside the continuance and require the defendant to go to trial on the admission of the district attorney that, if the witnesses named in the affidavit were present, they

would testify to the facts stated in the affidavit, without requiring of the attorney representing the state the further admission that the facts stated in the affidavit for a continuance were true? Article 518, Code of Criminal Procedure [Paschal's Dig. art. 2987], provides that it shall be sufficient, on the first application for a continuance, that the facts expected to be proved by a witness shall be stated, and that it must appear that the facts are material. There is no provision in the statute that, if the applicant shall state facts which entitle him to a continuance, he may be required to be placed upon his trial, if the admission be made that the witness, if present, would testify as stated in the affidavit, leaving the truth of the statement to be controverted by other testimony, or by such means as the party opposing the continuance may be able to bring to bear on the question involved. * * * In the case now being considered, the ruling of the court deprived the defendant of the benefit of having the witnesses before the jury."

This doctrine is still adhered to in that state. See *Francis v. State* (Tex. Cr. App.) 55 S. W. 488; *Davis v. State,* 52 Tex. Cr. R. 332, 107 S. W. 855.

In the case of *People v. Vermilyea et al.,* 7 Cow. 369, the Supreme Court of New York, discussing this identical proposition in an opinion by Chief Justice Savage, in part says:

"If it be admitted that the defendants were entitled to the testimony of the witnesses, then the only question is, Had they the benefit of his testimony? In my judgment most clearly they had not. When testimony was given showing, *prima facie,* that the witness could not swear as it was admitted he would, without being guilty of a contradiction, could the jury shut their eyes to the fact which was staring them in the face, that Gen. Swift had not sworn anything about it? It is true that, had the witness been examined on commission (and this is all the testimony the defendants are sure of obtaining), his testimony might still have been attacked in the same way. But they will then, at least, have the oath of the witness; and such interrogatories may be put as will lead to a full disclosure of all the facts necessary to every explanation. But should the defendants procure the personal attendance of the witness, and this does not seem to have been thought improbable at the circuit, then it cannot be pretended but that the defendants would be in a much better situation than with the stipulation of the district attorney. The practice of requiring concessions in such cases is novel, and

I apprehend not well calculated to advance justice. But, if to be encouraged, it seems to me that the prosecutor should admit all that the defendant can possibly obtain by the witness, which is the truth of the facts proposed to be proved. Such seems to have been the opinion of this court in *Brill v. Lord*, 14 Johns. 341. That cause came up on a certiorari from a justice's court. The defendant below wanted an adjournment on the ground of the absence of a material witness. The plaintiff proposed to admit what was expected to be proved by the absent witness, and the cause proceeded to trial. This court held the proceeding regular. They said the object of the adjournment, as avowed, was to procure the testimony of a certain witness; and the plaintiff offered to admit, and did admit, what it was alleged the witness would prove. If the plaintiff will admit the testimony, no time can be wanted for that purpose. Besides, it is added, in this case the defendant agreed to go to trial upon such admissions, and he ought not afterwards be permitted to violate such agreement. In that case the court did not place the regularity entirely upon the admission of the testimony by the plaintiff; but they say emphatically that the defendant had agreed to go to trial upon such admissions. Had the justice then refused the adjournment on the plaintiffs admitting that the defendant's witness would swear as the defendant alleged, and he had protested against going to trial, upon such admission, there cannot be a doubt that this court would have reversed the judgment. Though this is comparing small things with great, still the principle is the same. The defendant before the justice by his oath was entitled to an adjournment. So were these defendants. The right of the defendant before the justice arose under the statute, and the right of these defendants by virtue of the common law. Both laws are of equal obligation. When the defendants here and before the justice had, by their affidavits, brought themselves within the provisions of the law, there was no more discretion in the one case than in the other. The discretion of both was a legal discretion, the very same discretion which we are now called upon to exercise in deciding the present motion. Under these views of the rights of the parties, and the power and discretion of the court, I feel bound to say that an error was committed in compelling the defendants to accept of the offered stipulation, and, of course, that a new trial must be granted."

We are of the opinion that in cases where an accused makes out a clear case for a continuance owing to the absence of a ma-

terial witness, and shows that he is likely to obtain the testimony of such witness at the next term of the court, he is entitled to a continuance notwithstanding the state may be willing to admit that the witness, if present, would swear as claimed by the defendant. But, if the state is willing to admit the statements contained in the affidavits for continuance to be absolutely true, the trial court, if it can see the accused will not be prejudiced thereby, may in its discretion refuse a continuance. We are aware of the fact that the authorities are not entirely harmonious on this question, but we think the rule here announced is sustained by the weight of authority, and is just and reasonable.

The Supreme Court of Missouri in the case of *State v. Berkley,* 92 Mo. 41, 4 S. W. 24, goes so far as to hold unconstitutional a statute providing that the adverse party in a criminal action may admit on the trial the facts set out in the affidavit for continuance as the testimony of the absent witness. The same rule is followed in the case of *State v. Neiderer,* 94 Mo. 79, 6 S. W. 708. The Supreme Court of Arkansas in the case of *Graham v. State,* 50 Ark. 161, 6 S. W. 721, adheres to the rule announced in the Missouri cases in a very strong opinion, and holds unconstitutional a statute similar to the Missouri statute. It will be observed that the Missouri and Arkansas statutes referred to require only the admission of the state that the absent witness desired would testify as set out in the affidavit, and not the truth of the statements. The reasoning in these cases appears to be sound.

It is not necessary for us to say here that it is not in the power of the Legislature of this state to enact a statute that would, in effect, deprive an accused of the right to compulsory process of witnesses, as that question is not raised. We think, however, it is extremely doubtful. The Legislature of Mississippi following the opinion in the case of *Dominges v. State, supra,* enacted a statute conforming to the views expressed by the court there, and this is probably as far as legislation should go. We think the court erred in overruling the application of plaintiff in error for continuance in the case at bar upon the offer of the county attorney of Oklahoma county to permit the application

for continuance to be read as a deposition of the absent witnesses. The truth of the statements contained should have been admitted or the case continued. There are other instructive cases involving this question, among them the following: *Wassels v. State,* 26 Ind. 30; *Wheeler v. State,* 8 Ind. 113; *People v. Bossert,* 14 Cal. App. 111, 111 Pac. 15; *State v. Warden,* 94 Mo. 648, 8 S. W. 233; *Goodman v. State,* Meigs (Tenn.) 195; *State v. Twiggs,* 60 N. C. 142, and many others.

The accused next urges that the court erred in giving the following instruction, which was excepted to at the time:

"The defendant is a competent witness in his own behalf, and his testimony is to be weighed by the same rules that govern the testimony of other witnesses; but in weighing his testimony the jury may take into consideration the fact that he is the defendant in this case and his interest in the result of the trial."

Similar instructions have been repeatedly condemned by this court, and, if the rule is to be followed, this case would have to be reversed on this ground alone. See *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610; *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; *Green v. United States,* 2 Okla. Cr. 55, 101 Pac. 112, and a great many others.

Many other errors are assigned involving questions that have been determined heretofore, which appear to have been incidental to the trial, and are not likely to occur again on a retrial of this cause, and for that reason further time will not be consumed in reviewing them.

For the errors indicated, this cause is reversed, and remanded for a new trial.

FURMAN, P. J., and DOYLE, J., concur.