WILLIE TOLIVER v. THE STATE.

No. 1358.   Decided November 8, 1911.

1.—Burglary—Continuance—Want of Diligence.

Where, upon trial of burglary, defendant's application for continuance, showed a want of diligence, and that the absent testimony was not probably true, there was no error in overruling same.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence sustained the conviction, there was no error.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Holland,* for appellant.—On question of continuance: Johnson v. State, 55 Texas Crim. Rep., 134; Beard v. State, id., 154; Marsten v. State, 54 Texas Crim. Rep., 70; Pearson v. State, 56 Texas Crim. Rep., 607; Cameron v. State, 57 Texas Crim. Rep., 316.

Upon insufficiency of evidence: Warren v. State, 52 Texas Crim. Rep., 218.

*C. E. Lane,* Assistant Attorney-General, and *Richard G. Maury,* for the State.—On question of diligence: Barret v. State, 18 Texas Crim. App. 64; Wall v. State, id., 683; Murray v. State, 1 Texas Crim. App., 174.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of bur-

glary, his punishment being assessed at five years confinement in the penitentiary.

The indictment was returned in the Criminal District Court of Harris County on the 9th of January, 1911, and the case was continued at that term of the court, and seems to have been set down for trial on the 5th of April following.

When the case was called for trial on the 5th of April application was filed for continuance, which is alleged to be the first application for that purpose. This was promptly overruled, and a bill of exceptions reserved. The absent witnesses were Gray Dearman, who is alleged to reside in Dallas County; Will Green, Richard Taylor, and Henry Brown; that Green resides in Harrison County; that Taylor and Brown reside in Harris County. For Dearman the diligence is stated about as follows: That on the 30th of March, 1911, appellant caused subpoena to issue and duly mailed same to the sheriff of Dallas County on that date, and that it was duly returned not served, because the witness could not be found in Dallas County. On the 15th of March, 1911, appellant caused subpoena to issue for Will Green, which was duly forwarded to the sheriff of Harrison County on that date, and was returned not executed; that Green after diligent search could not be found, but the officer making the return was informed that Green was either in the town of Terrell or Kaufman, in Kaufman County, Texas; that then appellant had the clerk of the court to issue subpoena for the witness in that county on the 25th day of March, 1911, and forwarded same to the sheriff of Kaufman County, and it was returned not executed, and the return shows that after diligent inquiry the witness could not be located, and that no one could tell him anything about the witness.

That process was issued for Richard Taylor on 28th of March, 1911, and placed in the hands of the sheriff of Harris County, and that on the 4th of April, 1911, the same was returned not executed, and with the return thereon after due and diligent search and inquiry the witness could not be found in Westmoreland. For Henry Brown process was issued on the 3d of April, 1911, and on the 4th of April it was placed in the hands of the sheriff. The return on it is to the effect that it was not executed, because he was unable to locate the witness at the address given. The diligence used in regard to said witness was that he had not received any information as to where he could find the witness. It may be stated without repeating the evidence that the testimony was, in substance, to the effect that appellant bought a suit of clothes from Will Green that was found in his possession, and which was shown to have been taken from the burglarized house. Appellant took the stand in his own behalf and testified that he bought this suit of clothes from Green. The court approves the bill of exceptions with the statement that "when the case was continued at January term, 1911, the witnesses were instructed that when the case was again set they would be subpoenaed.

"The March term, 1911, began Monday, March 6th. The case of the State against Willie Toliver, 17107, was set for trial for April 5, 1911, said setting, together with other settings for the term, being made February 20, 1911.

"The first process which the defendant caused to be issued for the witness Gray Dearman was on the 30th day of March, 1911, being Thursday before the cause was set for trial on the following Wednesday. The application of the defendant, which was made March 30, failed to show the location or address of said witness, Gray Dearman, other than Dallas, Texas. His avocation was given as hotel bell boy, no hotel being named, and no information being given that would have enabled the officers to find said Gray Dearman.

"The first application for the witness Will Green was made on the 15th of March, although the first day of the term was March 6, and although the case was set February 20th.

"The second application or process for Will Green at Terrell or Kaufman, in Kaufman County, was not made until the 25th of March, 1911. The application for the witness Richard Taylor was not made until March 28, 1911, although the setting of this case had been made on February 20."

We are of opinion that the diligence is clearly insufficient. When the witnesses left Harris County is not shown, nor why process was not sought for Green and Dearman before they left the county is not stated. It may be seriously questioned if the testimony is probably true. The clothes that were taken from the house and which appellant admits having in his possession and leaving at the residence of Munson, had in the pocket the key that opened the door of the house that was burglarized. When the burglary occurred this door was opened in the absence of the owner or party in possession. This key was taken from that door about two weeks before the burglary, and the alleged owner of it testified that appellant was there at the time the key disappeared, and when he disappeared the key disappeared. Appellant admits having been at the house, but denies taking the key or being in that part of the house; that he went in another room of the house to stay with a woman who seems to have been a cook of the owner of the alleged premises. Under the showing made by appellant in his application for a continuance in regard to diligence, we are of opinion the court did not err in refusing the continuance.

This being the only question presented for revision, except the want of sufficient evidence to justify the verdict, we are of opinion there was no error, nor do we think there was any error in the refusal of a new trial because of sufficient evidence to sustain the conviction. The house was burglarized and appellant found in possession of the property taken from the house. He was found in possession of the key that opened the lock on the door of the house. There is no showing, or attempt to show, by appellant any circumstances which would indicate

that Green ever was in such position that he could have obtained the key that was found in the stolen suit.

There being no error of sufficient importance to require a reversal of the judgment, it is ordered to be affirmed.

*Affirmed.*