STEPHEN WELCH V. STATE.

No. 24274. February 23, 1949.
Rehearing Denied May 4, 1949.
Appellant's Request For Leave To File Second Motion For
Rehearing Denied (Without Written Opinion) May 25, 1949.

*Bert Barr, Leland Johnson, Joe H. Jones, Albert S. Baskett,*
Dallas, and *C. S. Farmer,* Waco, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft by false pretext of corporeal personal

property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of three years.

The record shows that on or about the 1st day of March, 1947, appellant appeared at C. R. Cook's office in Cross Plains and sought to engage Cook to obtain some oil leases for him. Cook, who was at the time engaged in such work for the Phillip's Petroleum Corporation, told appellant that he could not at that time render the desired services. Appellant told Cook that he would get in touch with him at a later date. A few days later appellant called Cook over the telephone and requested him to meet him at Mineral Wells. Cook went to Mineral Wells about the 10th day of April and met appellant, who informed Cook that one Mr. Bowen, who was stopping at the Oxford Hotel in Mineral Wells, had eighty acres of land in Oklahoma which the Sinclair Production Company desired to lease. He requested Cook to contact Bowen and try to get an oil and mineral lease from him on that 80-acre tract. Cook did contact Bowen who demanded $3,500 in cash for a lease covering the eighty acres. Cook did not have that much cash and informed appellant of Bowen's demand. Appellant suggested that they jointly acquire the lease and each pay $1,750. Cook returned to his home, got $1,000 in cash which he paid to Bowen and then obtained the balance of the necessary money in Mineral Wells. Appellant told Cook that he was going to Fort Worth and get his part of the $3,500 necessary to consummate the deal; that he would be back about 5 p. m. Cook waited for appellant until about 4 p. m. when he went to Bowen's room at the hotel and found it empty. He inquired of the party in charge of the hotel and was informed that Bowen had paid his bill and checked out. Appellant did not return to Mineral Wells, as he had promised, and the first time that Cook saw him after he had left Mineral Wells to go to Fort Worth was after he was under arrest. The record fails to show what became of Bowen, who departed without delivering to Cook the desired oil lease. Appellant did not testify or offer any affirmative defense.

The facts as disclosed by this record irresistibly lead to the conclusion that appellant and Bowen had entered into a conspiracy to obtain Cook's money by fraudulent acts, representations, and pretenses. Bowen was planted at the hotel in Mineral Wells for the purpose of carrying out his part of the fraudulent scheme while appellant was herding the victim into the web which they had woven. That it was a fraudulent scheme by which they sought to make some easy money is quite obvious.

. Appellant takes the position that since Cook's money was returned to him by appellant on the day before the trial of this case upon the promise by Cook to drop the case and not pursue the prosecution any further that this constituted him an accomplice witness. We do not agree with his contention. Cook immediately reported the theft to the officers, caused appellant's arrest and indictment, and on the trial appeared as a witness for the state and made a complete case against him, notwithstanding he may have promised appellant not to pursue the prosecution any further. This would not make him an accessory after the fact so as to constitute him an accomplice witness. We are not unmindful of the fact that one who aids or assists an offender to escape arrest and prosecution would be an accessory after the fact, and would constitute him an accomplice witness. In support of what we have said, we refer to the following cases: Chitister v. State, 33 Tex. Cr. R. 635 (28 S. W. 683) ; Street v. State, 39 Tex. Cr. R. 134 (45 S. W. 577) ; and Davis v. State, 52 Tex. Cr. R. 332 (107 S. W. 855).

Appellant brings forward three complaints. His first complaint relates to the court's action in overruling his motion to quash the indictment. We have examined the indictment in the light of his motion and have reached the conclusion that it is sufficient to charge the offense.

His next complaint relates to the court's action in overruling his application for a continuance based on the absence of certain named witnesses. He stated in his application that he expected to prove and would prove by the witness, T. W. Rudder, if present, that the prosecuting witness Cook told him that he voluntarily gave the money alleged to have been stolen to a party other than defendant; that the money was not stolen from him; that he would prove by E. W. Treadwell and his wife, Cyntha, that the oil lease option purchased by Cook was a valid oil and gas lease, duly recorded in Comanche County, Oklahoma. It appears from the record that appellant did not exercise due diligence to secure the attendance of the desired witnesses. He was arrested on the 28th day of June, 1947; the indictment was returned on the 16th day of July, 1947, and the case was originally set for trial on March 24, 1948, and reset for March 31st. The first time appellant asked for process to be issued for said witnesses was on the 22nd and 27th day of March, 1948. Thus, it will be noted that he permitted eight months to pass before applying for any process for any of said witnesses. This discloses a want of proper diligence. See Giles v. State, 66 Tex. Cr. 638 (148 S. W. 317) ; Toliver v. State, 63 Tex. Cr. R. 563

(140 S. W. 776) ; and Branch's Ann. P. C., Sec. 314. Consequently, there was no error committed by the court in overruling the application.

Appellant also complains of the court's action in declining to submit his special requested instruction to the effect that the prosecuting witness, Cook, was an accomplice witness. We have heretofore discussed this question in passing on the sufficiency of the evidence to sustain his conviction, and we see no need for any further discussion thereof.

No error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant centers his attack on the original opinion herein on our ruling in regard to his Bill of Exceptions No. 4 and claims that error is shown in that the dealing of the injured party with one Bowen, the recipient of the money, was all had out of the presence of appellant and was therefore hearsay and inadmissible. Undoubtedly the state's case was based upon a conspiracy between Bowen and Welch to extract money from Mr. Cook; and under the rules, any action of either of such conspirators relative to the carrying out of such conspiracy would be admissible against either or both of them. The testimony shows that Welch and Cook were to raise $1,750.00 apiece and pay same to Bowen for a purported lease on 80 acres of land in Oklahoma. Cook paid $1,000.00 to Bowen and raised the further amount of $750.00 to pay for his interest in the lease. Thereupon, appellant told Cook that he would have to go to Fort Worth in order to raise appellant's portion of the lease money, such portion being $1,750.00, at which time Bowen was to deliver the lease to the two partners therein. Soon after receiving Cook's $1,000.00, Bowen left town, and so did appellant, who did not return with any funds and nothing further was done about the lease. The facts show that appellant was the moving cause of the purchase of this lease; that he told Cook about Bowen owning the lease and desiring to sell the same; that the Sinclair Production Company was interested therein; that the owner thereof was at a certain hotel and would sell the same, and the two (Cook and appellant) eventually agreed that they would go fifty-fifty with the lease; that they both had

conferences with Bowen who demanded $3,500.00 cash for such lease; that they finally agreed that each one should raise one-half thereof; that Cook raised his one-half and paid $1,000.00 thereof, appellant being present at such time; that Bowen soon left and nothing further was done relative thereto, and he did not see Welch any more until some six or eight weeks thereafter. We think the testimony of the dealings with Bowen was closely allied with the main purpose and design of these two men to obtain this money from Cook, and as co-conspirators same was admissible against either one or both of them, provided such was in furtherance of their common design. We think that Bill No. 4 evidences no error.

Appellant does not agree with our holding that a charge of theft by false pretext is included in an indictment for theft. Our holdings to the contrary of his contention are numerous and controlling. See Branch's Ann. Tex. P. C., p. 1348, sec. 2493, and cases there cited.

We notice that the trial court failed to make an application of the indeterminate sentence law in the sentence herein, and same is herewith amended so that it shall hereafter read that appellant is sentenced to serve not less than two nor more than three years hereunder in the state penitentiary.

Therefore, the sentence is reformed, and as reformed, the motion for rehearing is overruled.